Gregory O. SMITH

v.

**ESQUIRE, INCORPORATED.**

**Civ. A. No. M–80–617.**

United States District Court,
D. Maryland.

Aug. 7, 1980.

Charles Norman Shaffer, Peter I. J. Davis, and Joyce R. Stern, Shaffer & Davis, Rockville, Md., for plaintiff.

Timothy B. Dyk and Cameron F. Kerry, Wilmer & Pickering, Washington, D. C., and Richard W. Emory, Nell B. Strachan, and Sally Spencer Lazzara, Venable, Baetjer & Howard, Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

JAMES R. MILLER, Jr., District Judge.

The plaintiff, Gregory O. Smith, initially filed this action in the Circuit Court for Montgomery County seeking damages for alleged libel and invasion of privacy arising out of the publication of the March, 1977 edition of Esquire Magazine. This action was then properly removed to this court[1], where there is presenting pending a Motion to Dismiss filed on behalf of the defendant. (Paper 10). The defendant seeks dismissal on two distinct grounds. First, the defendant contends that it is not subject to the personal jurisdiction of this court and that it was not properly served with process in this action. Alternatively, the defendant contends that this action is barred by the one-year statute of limitations governing actions for libel or slander under Maryland law.

*I. Is The Defendant, Esquire, Inc., Subject to Personal Jurisdiction In This Court?*

In support of the motion to dismiss on jurisdictional grounds, the defendant has submitted the Affidavit of Robert W. Shields, the Vice President and Treasurer of Esquire, Inc. (Esquire). Mr. Shields states that Esquire was incorporated in Delaware and maintains its principal place of business in New York. Mr. Shields further states that Esquire did not distribute the March, 1977 issue of Esquire Magazine, nor did Esquire receive any revenues from the sale of that magazine. Rather the March, 1977 issue of Esquire Magazine was distributed by Esquire Magazine, Inc., which was, at that time, a subsidiary of Esquire.[2] Esquire does not maintain a place of business in Maryland. Thus, the defendant alleges that it is not subject to the jurisdiction of this court in the present action. The plain-

1. See Order of this court dated May 15, 1980, denying the plaintiff's Motion to Remand. (Paper 12).

2. On September 1, 1977, Esquire sold its subsidiary Esquire Magazine, Inc., to Felker Associated Corporation.

tiff has responded by referring the court to case law in support of the broad proposition that a manufacturer cannot avoid liability by not personally distributing his product in a forum state when he knows or reasonably should anticipate that the product will ultimately be sold in that forum. *See, Lamprecht v. Piper Aircraft Corp.*, 262 Md. 126, 277 A.2d 272 (1971); *Buckeye Boiler Company v. Sup.Ct. of Los Angeles County*, 71 Cal.2d 893, 80 Cal.Rptr. 113, 458 P.2d 57, 64 (1969); *Ajax Realty Corp. v. J. F. Zook, Inc.*, 493 F.2d 818 (4th Cir. 1972). Specifically in the context of a magazine publisher, the plaintiff argues that the publisher cannot avoid liability merely on the grounds that distribution of the publication was managed by an independent corporation. *See David v. National Lampoon, Inc.*, 432 F.Supp. 1097 (D.S.C.1977).

While the court agrees with the proposition that a magazine publisher is generally amenable to suit in jurisdictions in which its publications are ultimately distributed[3], this broad principle is inapplicable given the facts of this case. In the present case it appears that the defendant Esquire, Inc. neither published nor distributed the magazine in question. (*See* Supplemental Affidavit, Paper 15). Similarly it received no revenue from the sale or distribution of said magazine. Rather, the publication, sale, and distribution of Esquire Magazine in March of 1977 were handled by Esquire Magazine, Inc., which entity would be the proper party-defendant in these proceedings. Esquire, Inc. would therefore be a proper defendant in these proceedings only if the plaintiff could show that Esquire Magazine, Inc.'s actions within the jurisdic-

tion could be attributed to Esquire, Inc. under either agency principles or under the theory of piercing the corporate veil.[4] The plaintiff has set forth no facts to sustain such a theory. Therefore, since the plaintiff carries the burden of proving that the defendant is subject to the court's jurisdiction, and the plaintiff has not met that burden, the present action must be dismissed. *See Haynes v. James H. Carr, Inc.*, 427 F.2d 700, 704 (4th Cir.), *cert. denied*, 400 U.S. 942, 91 S.Ct. 238, 27 L.Ed.2d 245 (1970).

*II. Is This Action Barred by The Statute of Limitations?*

The defendant contends, and the plaintiff apparently concedes, that Count I, the libel count, is barred by the applicable one-year Maryland statute of limitations governing slander and libel. *See* Md.Cts. & Jud.Proc. Code Ann. § 5–105. Thus, the defendant's motion to dismiss on the grounds of limitations should be granted as to Count I, and the only question remaining is whether Count II, the invasion of privacy count, should similarly be barred by the one-year statute of limitations.

As stated by the defendant, Maryland law recognizes that invasion of privacy "is not one tort, but a complex of four."[5] *Household Finance Corp. v. Bridge*, 252 Md. 531, 537, 250 A.2d 878, 882 (1969), *quoting* W. Prosser, *Handbook of the Law of Torts* 832 (3d ed. 1964). The defendant claims that the allegations in the present case purport to state a cause of action for "false light" invasion of privacy. The defendant further argues that a false light claim is essentially analogous to a libel claim and therefore should be governed by the same statute of limitations. In response the

---

**3.** *See* this court's memorandum opinion in the related case of *Tendall et al. v. Esquire Magazine, Inc.*, Civil No. M–77–1073 (December 16, 1977) wherein the court determined that it had jurisdiction over the defendant Esquire Magazine, Inc., on the basis of the revenues obtained by the latter from newsstand and subscription sales within the jurisdiction.

**4.** *See, e. g., Vitro Electronics v. Milgray*, 255 Md. 498, 258 A.2d 749 (1969); *Harris v. Arlen Properties*, 256 Md. 185, 260 A.2d 22 (1969).

**5.** The four categories are:

    (a) unreasonable intrusion upon seclusion of another . . . ,
    (b) appropriation of the other's name or likeness . . . ,
    (c) unreasonable publicity given to the other's private life . . . , [and]
    (d) publicity which unreasonably places the other in a false light before the public,

. . . . .

Restatement (Second) of Torts § 652A (Tentative Draft No. 22, 1976); Prosser at 804–14 (4th Ed. 1971).

plaintiff argues that the distinctions between the torts of defamation and invasion of privacy warrant applying the general state statute of limitations in the latter case rather than judicially imposing the one-year statute which, by its terms, specifically governs defamation.

■ The Maryland state courts have never addressed the question of whether the one-year statute of limitations governing slander and libel should be applicable to causes of action based on a false light theory of invasion of privacy.[6] The court, however, feels that if this issue were presented to the Maryland Court of Appeals, the state court in this instance would find the one-year statute should be applicable, given the similarity between the libel and the false light invasion of privacy claims presented. To hold otherwise would severely undercut the policy considerations which led to the enactment of the one-year statute governing defamation cases.

■ To state a cause of action for "false light" invasion of privacy, one must allege a publication which unreasonably places the plaintiff in a false light before the public. As was stated by Dean Prosser:

"The false light need not necessarily be a defamatory one, although it very often is, so that a defamation action will also lie . . . . There has been a good deal of overlapping of defamation in the false light cases, and it seems clear that either action, or both, will very often lie. The privacy cases do go considerably beyond the narrow limits of defamation, and no doubt have succeeded in affording a needed remedy in a good many instances not covered by the other tort. But the question may well be raised, and is still unanswered, whether this branch of the tort is not capable of swallowing up and engulfing the whole law of defamation, and whether there is any false libel printed, for example, in a newspaper, which cannot be redressed upon the alternative ground."

W. Prosser, *Law of Torts, supra.* at 813. These concerns lead the court to believe that in cases based on a "false light" theory of invasion of privacy, where the underlying "false light" relied upon arises out of an alleged defamatory statement, the proper cause of action is actually defamation and accordingly the case, whether stated in terms of defamation or invasion of privacy, is governed by the one-year statute of limitations. This holding comports with the Court of Appeal's recognition in *A. S. Abell Co. v. Barnes*, 258 Md. 56, 69 n. 7, 265 A.2d 207, 215 n. 7 (1970), that false light invasion of privacy is a "comparatively new species", in that "traditionally, invasions of privacy involved statements that were true, in distinction to defamation where the statements were alleged to be false." Thus, where the basis of the cause of action is the false nature of the publication, *i. e.* a defamation, the action should be governed by the various limitations placed on an action for defamation. To hold otherwise would allow a plaintiff, in any defamation action where there has been a general publication, to avoid the otherwise applicable one-year statute merely by phrasing the cause of action in terms of invasion of privacy. Thus, the court finds that despite the fact that Count II of this action was stated in terms of invasion of privacy, the underlying cause of action is libel and the one-year statute of limitations is applicable. *Cf. Lehigh Chemical Co. v. Celanese Corp.*, 278 F.Supp. 894 (D.Md.1968).[7] Count II of the

---

**6.** The Maryland Court of Appeals was presented with this question in *Fennell v. G.A.C. Finance Corp.*, 242 Md. 209, 228, 218 A.2d 492 (1965); however, the court found it unnecessary to decide the issue on the facts of that case.

**7.** The plaintiff has referred to the case of *Hazlitt v. Fawcett Publications*, 116 F.Supp. 538 (D.Conn.1953), in support of his contention that the one-year statute should not be applica-

ble in the present case. Taken in its entirety, however, that opinion does not truly support the plaintiff's position. In *Hazlitt* the court dismissed a libel count barred by limitations, but allowed the case to go forward on an invasion of privacy theory. In so doing, however, the court narrowed the issues which were to be considered in the invasion of privacy count. The court therefore stated:

plaintiff's complaint, therefore, is also barred by limitations and must be dismissed.

*III. Conclusion*

Accordingly, it is ORDERED this 7th day of August, 1980, by the United States District Court for the District of Maryland that defendant's Motion to Dismiss (Paper 10) is GRANTED.

"Patently, [the Second Count] was an attempt to state a claim not barred by that statute. Yet, notwithstanding, the claim was stated so broadly that its chief emphasis is on libel. If the count in its present form were to get to the jury, the result well might be that, notwithstanding care in the charge, the plaintiff would have all the benefits of a claim for libel although such a claim is barred. In such a situation, I rule that the primary burden is on the plaintiff to filter out of the count the matter which is material only to a claim for libel and state a claim which will not leave it to opposing counsel or to the court to guess as to what he relies upon for an actionable but nonlibelous claim.

I rule, therefore, that the motion to dismiss the second count should be granted with leave, however, to the plaintiff to amend. I suggest that if the plaintiff elects to amend, it do so by filing a substituted complaint counting only on its claim for invasion of privacy, there being no need to include therein the first count which, under my ruling as indicated above, is ready for judgment."

The court does find support for the defendant's position in *Rinsley v. Brandt,* 446 F.Supp. 850, 858 (D.Kan.1977); however, the court is not persuaded that the Maryland courts would follow this approach if presented with the same question.