## LEISMANN VS. LOVELY.

MECHANIC'S LIEN. *When one in possession, not being the owner, can charge premises.*

1. Under the mechanics' lien law, one in possession of real property of another by contract, may bind his own interest, but cannot bind that of the owner, unless the authority to do so has been conferred; and one may, for some advantage of his own, contract for an improvement upon the land of another, which he is cultivating, without charging the owner. *Lauer v. Bandow*, 43 Wis., 556.

2. The contract under which the work was done for which a lien is here claimed, was made by plaintiff with one P., and the evidence being as consistent with the theory that P., with whom defendant lived on the farm, managed it as her tenant, paying the rent in her support, as with the theory that he was her agent in its management, it was error for the court below to assume that he acted as such agent in making the contract, and take that question from the jury.

APPEAL from the Circuit Court for *Manitowoc* County.

Action to enforce a lien on defendant's land for labor done by plaintiff in removing stumps therefrom by means of a stump machine. The answer denies that the work was done for the defendant, and alleges, among other things, that it was done for one Pitz, and under contract with him.

The court instructed the jury, among other things, that the question whether the contract was made with defendant or Pitz was out of the case, for the reason that any contract made with Pitz for work on said land was in law the contract of defendant.

Plaintiff had a verdict; a new trial was denied; and defendant appealed from a judgment on the verdict.

For the appellant, there was a brief by *Nash & Schmitz*, and oral argument by *Mr. Nash*.

For the respondent, there was a brief by *H. G. & W. J. Turner*, and oral argument by *W. J. Turner*.

COLE, J. We think the learned circuit court erred in not submitting to the jury the question whether Pitz was defendant's agent for making the contract with the plaintiff for pull-

ing and removing the stumps from her land. The testimony tended very strongly to show that whatever contract was made with the plaintiff in the matter was made by Pitz; consequently his authority to make such a contract and bind the defendant was a very material question. The court decided or assumed as a matter of law, that Pitz was her agent for that purpose. For the jury were charged that " the evidence shows that there was an agreement between the plaintiff and the defendant by her agent, John Pitz, to pull stumps on the defendant's land; " also that " the evidence shows that Pitz was working and managing the farm of the defendant as her agent; so that the employment of the plaintiff to pull the stumps by Pitz, if he was so employed, was the same as though *Mrs. Lovely* had made the agreement with him personally; in other words, it was her contract." This instruction was likewise given at the request of the plaintiff, that " the question whether the contract to pull stumps was made with *Mrs. Lovely* or Mr. Pitz is out of this case, for the reason that any contract made with Pitz for work upon said land is in law the contract of said defendant, and that all of his acts are in law the acts of said defendant so far as the work upon the premises described in the complaint is concerned."

From these various rulings it is obvious that the circuit court decided as a matter of law, or at least assumed the fact as indisputably established, that Pitz had full authority to act for the defendant in the matter, and power to create a lien upon the premises just as effectually as she herself could have done. It seems to us the court was not warranted by the evidence to proceed upon such an assumption. It is said by the counsel for the plaintiff, that, where the facts are undisputed, the question whether an agent has the requisite authority to bind his principal by the contract, is a question of law for the court. That may be true under some circumstances; but in this case it is not clear what the relation of Pitz was to the property, or in what capacity he acted. It appears that he was the son-in-law of the defendant, and lived upon the farm upon which the work was done. The defendant lived with and was

supported by him. But Pitz carried on the farm without any orders or directions from her; managed it in his own way; had all he could make therefrom; and rendered no account of the profits to the defendant. The evidence is as consistent with the theory that he managed the farm in the character of a tenant, paying the rent by way of supporting the defendant, as that he was her agent in its management. Now if he was carrying on the farm as a tenant, and made the contract in question for his own convenience and benefit; or if he made the contract as a principal, and not as the authorized agent of the defendant — then she would not be bound by his contract, nor could her property be subjected to a lien for the work done upon it. One may contract for an improvement upon the land of another, which he is cultivating, for some advantage of his own, without charging the owner for its payment. *Lauer v. Bandow*, 43 Wis., 556. Besides, Pitz might have been agent for the defendant for some purposes, and still not authorized to make the contract for removing the stumps. In Phillips on Mechanics' Liens it is said that "merely proving that a party is agent for some purpose will not be sufficient, nor proof that he was in possession of the property. A party in possession of property of another by contract may bind his own interest, but not that of the owner of the premises, unless the authority to do so has been conferred. Nor will the mere fact that a party is in possession prove authority. If such were the law, a mere occupant could do great wrong to the owner. As this lien is a special one, in favor of a special class, it is but reasonable that those who claim it should be required to know, when they contract, that the person with whom they contract has power to create it so as to bind the property." Sec. 79. This seems very reasonable doctrine, and its application to the charge is too obvious to require comment. We therefore conclude that the circuit court erred in not submitting to the jury the question whether Pitz was authorized by the defendant to make the contract with the plaintiff for the removal of the stumps from her land. See *Owens v. Northrup*, 30 Wis., 482.

From the view which we have taken of the case, it is unnecessary to consider the question whether in any event the plaintiff could have a lien upon the land for the earnings of his stump machine.

*By the Court.* — The judgment of the circuit court is reversed, and the cause is remanded for a new trial.