## Mythrville,

### CARTER V. KEETON & COLEMAN.

#### June 8, 1911.

1. MECHANICS' LIEN—*Unauthorized Improvements—Neither Owner Nor His Property Liable—Case in Judgment.*—The tenant in possession of land, whether he be the son of the owner or a stranger, has no authority merely by reason of those relations, to make repairs or cause improvements to be made on the leased premises which will bind the owner's interest in the land for their payment. In order to bind the owner's interest in the land, it must appear that the tenant making the repairs was the agent of the owner for that purpose, or that the owner caused the repairs or improvements to be made, or ratified what the tenant had done. In the case in judgment, the improvements were directed, without authority from the owner, by her son who was in possession as tenant from year to year, and the owner who resided in a different county had no knowledge of the improvements until served with process to enforce a mechanics' lien therefor.

2. MECHANICS' LIENS—*Personal Decree Against Party Ordering Improvements.*—In a suit in equity against the owner of land to enforce a mechanics' lien for repairs, a personal decree may be rendered against the person who ordered the improvements without authority from the owner, and who had no interest in the land on which the improvements were erected, if he be a party to the suit.

Appeal from a decree of the Circuit Court of Pittsylvania county. Decree for complainants. Defendant appeals.

*Reversed.*

The opinion states the case.

*George T. Rison,* for the appellant.

*William Leigh* and *B. H. Custer,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

The question involved in this case is whether or not the claims asserted in the bill and proceedings are liens upon the lands of Mrs. Carter, the appellant, under the provisions of sections 2475 and 2483 of the Code. These claims are for labor done and materials furnished in making repairs and erecting outhouses upon the lands of the appellant under a contract entered into between her tenant and the contractors, Keeton & Coleman.

By section 2475 of the Code it is provided that, where the claim is for repairs only, no lien shall attach to the property unless the repairs were ordered by the owner or his agent.

Section 2483 provides that, if the person who shall cause the building or structure to be erected or repaired owns less than a fee simple estate in the land, only his interest therein shall be subjected to such liens.

The appellant, who was the owner of the land in fee, testifies that at the time the repairs and improvements were made and for some years prior thereto she resided with her two sons, Z. V. Carter and Wade H. Carter—one of whom lived in Tazewell, and the other in Giles county— and that she had not been in Pittsylvania county where the lands were situated for four or five years; that she did not authorize her son, W. D. Carter, who was her tenant from year to year and in possession of the land, or any other person, to erect any improvements or buildings, or make any repairs upon the buildings on the land; that she did not know that any repairs or improvements were being made, or had been made on the premises, until she was served with process in this suit. These statements of Mrs. Carter are not contradicted by any witness, neither is there any evidence tending to show that she had any communication directly or indirectly with the lien claimants. But

it is insisted that inasmuch as W. D. Carter, with whom the contract for repairs and improvements was made, was her son and tenant in possession of the land, and her son Z. V. Carter, with whom she resided in Tazewell county a portion of the time, was upon the leased premises during the time the repairs and improvements were being made, and saw the work going on, she must be presumed to have known that the work was being done, and consented to it, and thus be held to have authorized the repairs and caused the improvements to be made, within the meaning of sections 2475 and 2483 of the Code.

These circumstances do not show that W. D. Carter was her agent to make, or that she caused the repairs and improvements to be made. Neither do they show, even if Mrs. Carter knew what her tenant was doing (which she denies), that she consented to having the work done. The tenant in possession of land, whether he be the son of the owner or be a stranger, has no authority by reason of those relations merely to make repairs or cause improvements to be made on the leased premises which will bind the owner's interest in the land for their payment. Phillips on Mechanics Liens, sec. 79; *Baxter* v. *Hutchins,* 49 Ill. 116; *Leisman* v. *Lively,* 45 Wis. 420.

In order to bind her interest in the land, it must appear that the tenant making the repairs was her agent for that purpose (Code, sec. 2475), or that she caused the repairs or improvements to be made (Code, sec. 2483); *Atlas Portland Cement Co.* v. *Main Line Realty·Corp., ante* p. 7, 70 S. E. 536, or that she ratified what the tenant had done.

Mrs. Carter was the fee simple owner of the land. The deed evidencing her title was of record. She did nothing to mislead the contractors or to induce them to believe that her son was the owner of the land, or that he was authorized to have the repairs or improvements made. They contracted with the tenant, not as her agent, but in his in-

dividual capacity. When the repairs and improvements were about half completed, they stopped work because W. D. Carter, with whom they had made their contract, failed to pay them in accordance with its terms. About that time they had actual knowledge (having had constructive notice all the time) that Mrs. Carter was the owner of the property; yet they returned to work upon the assurance of W. D. Carter that he would pay them, and completed the repairs and improvements without informing Mrs. Carter of what they were doing, or that they were looking or would look to her, or her property, for the payment of the labor they were performing and the materials they were furnishing.

Whatever moral obligation Mrs. Carter may be under to pay them for what their labor and materials have added to the value of her property, it is clear under the facts disclosed by this record, that neither she nor her property is under any legal liability therefor.

The decree of the circuit court must therefore be reversed as to Mrs. M. A. Carter, W. H. Carter and Z. V. Carter, and the cause remanded to the circuit court with direction, if asked so to do by the lien claimants, to render a personal decree (*Johnson* v. *Bunn, &c.,* 108 Va. 490, 493, 62 S. E. 341, 19 L. R. A. [N. S.] 1064) against W. D. Carter for the amount ascertained to be due them by the report of Commissioner Clement.

*Reversed.*