Richard A. NOSSEN, Plaintiff,

v.

Michael A. HOY, t/a Loompanics
Unlimited, Defendant.

Civ. A. No. 90–00256–R.

United States District Court,
E.D. Virginia,
Richmond Division.

Nov. 15, 1990.

James Allison Lofton, Kevin Robert Huennekens, Maloney, Yeatts & Barr, Richmond, Va., for plaintiff.

John M. Oakey, Jr., McGuire, Woods, Battle and Boothe, Richmond, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

The parties are before the Court on Defendant's Motion to Transfer and Defendant's Motion to Dismiss. The parties have fully briefed these issues and they are ripe for decision. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).

## BACKGROUND

This is an action for the unlawful appropriation of Plaintiff Richard Nossen's name, reputation and work, for conversion of Nossen's property, and for quasi-contract. Nossen, a Virginia citizen, is former Assistant Director of the Internal Revenue Service's Criminal Investigation Division. He is an expert in the field of detection and investigation of financial crimes. He has authored two works in his field: *The Seventh Basic Investigative Technique* and *Determination of Undisclosed Financial Interest.* These books, according to Defendant's pleadings, were published for and by the United States Government, which holds the rights to them.

Defendant Michael Hoy, a citizen of the State of Washington and sole proprietor of Loompanics Unlimited, is a self-described

publisher of "controversial and unusual books." He engages in mail order sales of the books he publishes; some of these sales occur in Virginia. Among the books advertised for sale in the 1990 Loompanics catalogue is a publication entitled *Advanced Investigative Techniques for Private Financial Records*, by Richard A. Nossen. This book is a combined reprinting of Nossen's two works. In the book, authorship is specifically attributed to Nossen, whose brief biography appears on the publication's second page. A full page advertisement for the book appears on page three of the catalogue and Hoy has advertised the book in numerous other catalogues. Hoy's advertisement of the book, and its consequent sale for profit, all occurred without Nossen's knowledge, consent or permission.

Nossen alleges that Hoy promotes his publications to those who may wish to engage in criminal activity. He further alleges that Hoy intentionally distorted the characterization of Nossen's works attempting to make sales to his clientele. Nossen alleges that Hoy's activity has led the public to believe that Nossen approves of Hoy's publications and alleges that, as a result of Hoy's appropriation of his name and reputation, Nossen has suffered embarrassment, mental distress and damage to his professional reputation. Nossen alleges that Hoy's actions have and will continue absent intervention from this Court.

Based on these allegations, Nossen has filed suit against Hoy for the unauthorized use of his name pursuant to Virginia Code § 8.01–40, for the unlawful conversion of Nossen's property (his name, reputation and work), and for quasi-contract for the alleged unjust enrichment acheived by Hoy with the use of Nossen's property.

## DISCUSSION

### I. *The Motion to Transfer*

Defendant Hoy has moved, pursuant to 28 U.S.C. § 1404(a), to transfer this action to the United States District Court for the State of Washington. Hoy asserts that no conduct relevant to this action occurred in Virginia, but rather that all of it occurred in Washington. Hoy also argues that trial of this action in Virginia will place a tremendous burden on him and that he should not be amenable to suit in any jurisdiction simply because some of his publications were received there.

■ Section 1404(a) allows a district court to transfer an action "for the convenience of parties and witnesses, in the interest of justice" to any other district where the plaintiff initially may have brought the action. A party seeking such discretionary transfer "bears the burden of demonstrating that the balance of convenience among the parties and witnesses is *strongly* in favor of the forum to which transfer is sought." *Medicenters of America, Inc. v. T & V Realty & Equip. Corp.*, 371 F.Supp. 1180, 1184 (E.D.Va.1974) (emphasis in original). Inconvenience to the movant alone will not demonstrate sufficient reason for a 1404(a) transfer and the plaintiff's choice of forum should rarely be disturbed unless the balance of hardships clearly favors transfer. *Eastern Scientific Marketing, Inc. v. Tekna–Seal, Inc.*, 696 F.Supp. 173, 180 (E.D.Va.1988).

■ Hoy fails to demonstrate that the balance of convenience strongly favors transfer. Hoy states that litigating this claim 3000 miles from his home is inconvenient. Hoy fails to allege or argue that witnesses are in Washington or that substantial discovery must occur there. If transferred to Washington, Nossen would face an equal inconvenience of litigating far from his home. Furthermore, Hoy has not shown that the interests of justice require transfer. Hoy argues that Washington law may apply to this action. It may apply to parts of this action, but so may the law of the place of the alleged injury, apparently Virginia.[1] In fact, the first claim of the action arises explicitly pursuant to

1. The parties disagree about whether Virginia or Washington law is applicable to this controversy. At this stage of the litigation (particularly absent the parties having briefed the issue), this Court will not address the issue of which law applies and will not base its decision regarding transfer on speculation about which law applies.

Virginia law. In addition, at least some of the wrongful conduct alleged, particularly the advertisement and sale of the hybrid work, occurred in Virginia. Regardless, this Court is well-suited to make a choice-of-law determination and to apply the proper law. Absent a substantial showing of inconvenience or injustice—a showing that Hoy has failed to make—this Court will not disturb a plaintiff's well-established right to choose the forum in which to litigate his or her claim.

## II. *Motions to Dismiss*

Defendant Hoy has submitted a Motion to Dismiss both the conversion claim and the quasi-contract claim. Both of these motions turn on the breadth of actions recognized under the applicable state law. The parties, at this juncture, disagree as to whether Virginia or Washington law governs this action. Because the laws of the two states do not conflict in a material way, see discussion infra, this Court will proceed without directly addressing the choice of law question. If the subsequent development of this case requires assessment of the choice of law question, the Court will address the issue at that appropriate time.

### A. The Conversion Count

■ Defendant Hoy has moved to dismiss Nossen's action for conversion, which allegedly was due to the wrongful appropriation and use of "the good name, reputation and work of Nossen." Under Virginia and Washington law, conversion occurs where one uses another's personal property as his own and exercises dominion over it without the consent of the owner. For Virginia law, see *Buckeye Nat'l Bank v. Huff & Cook*, 114 Va. 1, 75 S.E. 769 (1912); *A & E Supply Co., Inc. v. Nationwide Mut. Fire Ins.*, 612 F.Supp. 760, 767 (E.D. Va.1985), rev'd on other grounds, 798 F.2d 669 (4th Cir.), cert. denied, 479 U.S. 1091, 107 S.Ct. 1302, 94 L.Ed.2d 158 (1987). For Washington law, see *Frisch v. Victor Indus., Inc.*, 51 Wash.App. 377, 753 P.2d 1000, 1002–03 (1988).

■ Hoy first contends that Nossen does not state a claim for conversion, arguing that one does not hold a personal property interest in one's name and reputation. Virginia precedent clearly establishes that an individual may hold a property interest in his or her name and likeness. See *Lavery v. Automation Management Consultants, Inc.*, 234 Va. 145, 360 S.E.2d 336, 341–42 (1987) (construing Va.Code § 8.01-40(A)). In *Lavery*, the Virginia Supreme Court quoted with approval a New Jersey case on point: " 'Plaintiffs' names and likenesses belong to them. As such they are property. They are things of value. Defendant has made them so, for it has taken them for its own commercial benefit.' " *Id.* 360 S.E.2d at 341 (quoting *Canessa v. J.I. Kislak, Inc.*, 97 N.J.Super. 327, 235 A.2d 62, 75–76 (1967)). In addition, an individual holds a similar property interest in his or her reputation, which represents the individual's personal identity in the community and which is the thing of value in the individual's name. To attempt to splice an individual's reputation from his or her name, in this context, would countenance disingenuous and unproductive indulgence in semantics. The Court thus concludes that because Nossen alleges that Hoy exercised dominion over his name and reputation—allegedly exploiting both for his financial benefit—Nossen states a claim for conversion of his property interests in his name and reputation pursuant to Virginia law.

■ This, however, does not end the necessary inquiry. Because Washington law may apply to at least the conversion claim of this action, to be sure that Nossen states a claim for conversion, Washington too must view one's name and reputation as personal property. In contrast to Virginia law and consequent pronouncements by its judiciary, the courts of Washington have not explicitly stated that one may hold a personal property interest in one's name and reputation. Such a conclusion, however, is naturally drawn from the state's law.[2] Washington recognizes the tort of

---

**2.** Although this Court has the authority to certi-    fy the question to the Washington court, the

appropriation of one's name or likeness. See *Eastwood v. Cascade Broadcasting Co.*, 42 Wash.App. 88, 708 P.2d 1216, 1220 (1985), reversed on other grounds, 106 Wash.2d 466, 722 P.2d 1295 (1986). As commentators have noted, this tort essentially protects the property right in an individual's name. "[T]he effect of the appropriation decisions is to recognize or create an exclusive right in the individual plaintiff to a species of trade name, his own, and a kind of trademark in his likeness." *Prosser and Keeton on the Law of Torts* 854 (1984). Recognition of the appropriation tort essentially mandates recognition of a property interest in an individual's name. See *Motschenbacher v. R.J. Reynolds Tobacco Co.*, 498 F.2d 821 (9th Cir.1984) (recognizing property interest in individual's name pursuant to California common law of appropriation). As a result, this Court concludes that Washington, like Virginia, recognizes the property interest in an individual's name—his or her identity—that can be unlawfully converted for the advantage of a defendant. See *Eastwood v. Cascade*, 708 P.2d at 1220 (defining tort of appropriation and citing *Canessa*, 235 A.2d at 75–76, which recognized that property interest in name and likeness is corollary to appropriation tort). Nossen therefore has stated a claim for conversion pursuant to Washington law.

■ Hoy also argues that Nossen does not state a claim for conversion because he fails to allege a property interest in his "work." In his Memorandum in Opposition to this motion, Nossen apparently does not contend otherwise. Property interests in written works are governed by federal copyright law. Basic copyright doctrine instructs that to hold an exclusive property interest in a written work, including the right to reproduce the work and to prepare derivative works, an individual must hold a copyright in that work. See 17 U.S.C. § 106. Nossen does not allege that he holds a copyright in his work, nor even that the work is copyrighted at all. As such, Nossen fails to state a claim that Hoy

converted his property interest in the written work, and, to that extent, this Court will dismiss the claim for conversion.

## B. The Quasi–Contract Contract

Defendant Hoy moves to dismiss Nossen's action for quasi-contract for failure to state a claim. Hoy argues that courts may imply a contract-in-fact only where one person has enriched himself at the expense of another and that, in this case, Nossen has not alleged the loss of a benefit. In addition, Hoy asserts that an action for quasi-contract can succeed only based on joint dealings of the parties and that where, as here, the parties have not dealt with each other, no such action can stand. Hoy confuses the concepts of implied-in-fact contract and quasi-contract.

■ The implied-in-fact contract is a true contract, containing all of the elements that construct an enforceable agreement. It differs from an actual contract in that the parties have not reduced it to a writing or to an oral agreement; rather, the court infers the implied-in-fact agreement from the course of conduct of the parties. In contrast, a quasi-contract is not a contract at all but rather an equitable remedy thrust upon the recipient of a benefit under conditions where that receipt amounts to unjust enrichment. See *Marine Dev. Corp. v. Rodak*, 225 Va. 137, 300 S.E.2d 763, 766 (1983); C. Kaufman, *Corbin on Contracts*, § 19, at 50 (Supp.1989) (discussing distinction between implied-in-fact agreement and quasi-contract). At issue here is only the latter concept.

■ The quasi-contract is a plaintiff's remedy at law when the facts establish that a defendant has been unjustly enriched at the expense of the plaintiff, but where the facts fail to establish that the parties established any form of agreement. To establish a quasi-contract a plaintiff generally must show three elements: (1) A benefit conferred on the defendant by the plaintiff; (2) Knowledge on the part of the

---

mere difficulty in ascertaining state law here does not justify "remitting the parties to a state tribunal for the start of another law suit." *Leh-*

*man Bros. v. Schein*, 416 U.S. 386, 390, 94 S.Ct. 1741, 1744, 40 L.Ed.2d 215 (1974).

defendant of the conferring of the benefit; and (3) Acceptance or retention of the benefit by the defendant in circumstances that render it inequitable for the defendant to retain the benefit without paying for its value. See *Corbin on Contracts*, § 19, at 50 (citing *Alaska Sales and Serv., Inc. v. Millet*, 735 P.2d 743 (Alaska 1987)). Both Virginia and Washington recognize the quasi-contract action to recover unjust enrichment. For Virginia law, see *Kern v. Freed Co.*, 224 Va. 678, 299 S.E.2d 363, 365 (1983) (quasi-contract insures "that a man shall not be allowed to enrich himself unjustly at the expense of another"). For Washington law, see *Lynch v. Deaconess Medical Center*, 113 Wash.2d 162, 776 P.2d 681 (1989); *Family Medical Bldg., Inc. v. State Dep't of Social & Health Servs.*, 104 Wash.2d 105, 702 P.2d 459 (1985).

The facts alleged by Nossen are sufficient to state a claim for quasi-contract. Nossen alleges that Hoy has received a benefit from the use of Nossen's property: his name and reputation. Hoy therefore, allegedly has received a benefit from Nossen without having paid fair consideration and therefore—allegedly—has been unjustly enriched. In addition, Nossen has alleged that Hoy had knowledge of the benefit and has accepted and retained the benefit under circumstances that would make it unfair for him to not pay fair value for its use. To the extent Nossen alleges that Hoy used his name and reputation absent permission and knowingly received a benefit from that use, Nossen states a claim for quasi-contract under both Virginia and Washington law.

Furthermore, the modern trend is to recognize actions for quasi-contract based on a "reasonable expectation theory." Under this doctrine, one of three things must be true to recover in quasi-contract: (1) The plaintiff had a reasonable expectation of payment; (2) The defendant should reasonably have expected to pay; or (3) Society's reasonable expectations of security of person and property would be defeated by nonpayment. See *Provident Life & Acc. Ins. v. Waller*, 906 F.2d 985, 993 (4th Cir. 1990); *Corbin on Contracts*, § 19A, at 59.

Because Nossen has alleged that Hoy should have expected to pay for the use of Nossen's name and reputation, Nossen also has stated a claim for quasi-contract.

### CONCLUSION

For the foregoing reasons, this Court will deny Defendant's Motion to Transfer and will deny Defendant's Motion to Dismiss the Conversion Count and the Quasi-Contract Count, insofar as they pertain to Defendant's alleged use of Plaintiff's name and reputation. The Court will grant Defendant's Motion to Dismiss to the extent that it pertains to the alleged use of Plaintiff's work.

An appropriate Order will issue.