## CIRCUIT COURT OF FAIRFAX COUNTY

Ozberkmen

    v.

Capital Asset
Management, Inc., et al.

May 14, 1992

Case No. (Law) 105523

BY JUDGE JACK B. STEVENS

This matter has been under advisement by the Court to consider the Demurrers of defendants Martin A. Schor Revocable Trust, Forward Funding Corporation, and Ellen Sue Schor individually and as Executrix. The Court has considered the arguments of counsel, as well as the cases cited in support thereof. For the reasons that follow, the Court sustains the Demurrer of the Martin A. Schor Revocable Trust as to all counts. The Court sustains the Demurrer of Defendants Schor (individually and as Executrix) and Forward Funding to Count II, but overrules it as to all other counts and on all other grounds. The plaintiff may not have leave to amend.

The case at bar involves the alleged mishandling of funds from the Vacit Y. Ozberkmen, M.D., Defined Benefit Pension Plan (The Plan) by Capital Asset Management, Inc. (CAM), its officers, directors and agents. According to the Third Amended Motion for Judgment, during the relevant time periods, Martin A. Schor (now deceased) and Peter A. Morabito were officers, directors, shareholders of and investors in CAM. The plaintiffs include The Plan's Trustee and sole successor in interest. The defendants include CAM, Morabito, Ellen Schor (individually and as executrix of the Estate of Martin A. Schor), the Trustees of the Martin A. Schor Revocable Trust, and

Forward Funding Corporation (the alleged successor corporation to CAM).

The Third Amended Motion for Judgment alleges that on October 5, 1987, CAM and The Plan entered into an agreement whereby CAM would invest, manage and administer certain of The Plan's funds. Among other things, plaintiffs allege that CAM, its officers, directors and agents wrongfully used and risked The Plan's funds to protect their own interests and investments, and to lend money to friends without recourse. Additionally, the plaintiffs allege that CAM, its officers, directors and agents mismanaged a loan to a Mr. Beggani even after he admitted to embezzling funds. The Third Amended Motion for Judgment consists of four counts charging breach of contract, negligence, breach of fiduciary duty, and unjust enrichment.

The defendants have demurred upon the following grounds: (1) misjoinder of parties plaintiff; (2) misjoinder of an express and implied contract claim; (3) failure to state a cause for negligence; (4) failure to state a cause for breach of fiduciary duty; (5) failure to adequately allege a case for "piercing the corporate veil"; (6) the contract at issue has a "hold harmless" clause regarding all claims, liabilities and demands; (7) failure to allege participation on the part of the Trust in any of the transactions which form the basis of the complaint; (8) failure to state a cause for unjust enrichment.

### Misjoinder

Defendants Ellen Schor (individually and as Executrix) and Forward Funding allege misjoinder of the parties plaintiff, as well as misjoinder of claims. The plaintiffs are The Plan's Trustee and sole successor in interest. The Court finds that these parties are properly joined. Accordingly, the Demurrer is overruled as to misjoinder of the parties plaintiff.

Additionally, the defendants claim the plaintiffs have improperly joined a count for breach of express contract with one for breach of implied contract. The Court disagrees. Count I alleges breach of the express agreement between the parties. "Under Virginia law, every contract contains an implied covenant of good faith and fair dealing in the performance of the agreement." *Pennsylvania Life Insurance Co. v. Bumbrey*, 665 F. Supp. 1190 at 1195 (E.D. Va. 1987) citing *McMullen v. Entre Computer Center, Inc.*, 819 F.2d 1279 (4th Cir. 1987). The Court is unwilling to require the plaintiff to allege in

separate counts breach of express and implied *terms* of the same contract. Accordingly, the Demurrer is overruled as to misjoinder of claims.

## Negligence

Count II of the Third Amended Motion for Judgment is for negligence. Plaintiffs allege the defendants owed the Plan a duty of reasonable care. The Court recognizes that in certain circumstances the same facts can show both a breach of a contractual term and a tortious breach of duty. *Foreign Mission Board v. Wade*, 242 Va. 234, 409 S.E.2d 144 (1991). However, "the duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract." *Id.*

The plaintiff has made allegations sufficient to show a duty arising from the contract, as well as the common law duties of a fiduciary. The plaintiffs have properly pleaded counts for breach of each of these duties in Counts I and III. However, the plaintiff has made insufficient allegations to support a third count for negligence apart from the contractual and fiduciary duties. Accordingly, the Demurrer to Count II, the negligence Count is sustained.

## Breach of Fiduciary Duty

In Count III, the plaintiffs have alleged that by accepting The Plan's money for the purpose of investing it on The Plan's behalf, the defendants assumed a fiduciary relationship with The Plan. Defendants Ellen Schor (individually and as Executrix) and Forward Funding demur, claiming that a fiduciary duty is not assumed by entering into a contract. A fiduciary relationship is established "when special confidence has been reposed in one who in equity and good conscience is bound to act in good faith and with due regard for the interests of the one reposing the confidence." *Allen Realty Corp. v. Holbert*, 227 Va. 441, 446, 318 S.E.2d 592 (1984); *see also Horne v. Holley*, 167 Va. 234, 241, 188 S.E. 169, 172 (1936) ("[A]n agent is a fiduciary with respect to the matters within the scope of his agency."). The Court finds the allegations in Count III sufficient to make a claim for breach of fiduciary duty. Accordingly the Demurrer to Count III is overruled.

## Piercing the Corporate Veil — Successor Corporation

The Third Amended Motion for Judgment seeks to hold all the

defendants responsible for the acts of CAM on theories of piercing the corporate veil and successor corporation liability. Defendants Forward Funding and Ellen Schor (individually and as Executrix) have demurred claiming insufficient allegations to sustain actions against them under these theories. Undercapitalization and fraud are both grounds for piercing the corporate veil. *In re Criswell*, 52 B.R. 184 (Bankr. E.D. Va. 1985); *DeWitt Truck Brokers, Inc. v. Flemming Fruit Co.*, 540 F.2d 681 (4th Cir. 1976). In *Beale v. Kappa Alpha Order*, 192 Va. 382, 399, 64 S.E.2d 789 (1951), the Court explained:

> Just when a corporation will be regarded as the adjunct, creature, instrumentality, device, stooge or dummy of another corporation is usually held to be a question of fact in each case . . . .

In the case at bar, the plaintiffs have alleged that CAM was the "alter ego, alias, stooge, or dummy" of Ellen Schor and Martin Schor. In support of this contention, the plaintiffs have alleged, *inter alia*, that the defendants used CAM to protect their own investments; that the defendants let friendships and family relationships determine whether to collect on defaulted CAM loans; that CAM was undercapitalized; that the defendants commingled assets with CAM; and that the defendants acted fraudulently in managing CAM accounts. For the purposes of demurrer, the plaintiffs have sufficiently alleged grounds for piercing the corporate veil against these defendants. Accordingly, the Demurrer of Ellen Schor, individually and as Executrix, based on piercing the corporate veil is overruled.

Plaintiffs seek to hold Forward Funding Corporation liable in this matter as a successor corporation alleging that it is a "mere continuation" of CAM.

A purchasing corporation may be held liable for the obligations of a selling corporation if the purchasing corporation is merely a continuation of the selling corporation. *Harris v. T.I., Inc.*, 243 Va. 63, 413 S.E.2d 605 (1992); *Pepper v. Dixie Splint Coal Co.*, 165 Va. 179, 181 S.E. 406 (1935). "Common identity of the officers, directors, and stockholders in the selling and purchasing corporation is the key element of a 'continuation'." *Harris*, at 70. The Court will also look at whether the acquisition was an arms-length transaction. *Id.*

In paragraph 16 of the Third Amended Motion for Judgment, the plaintiffs have alleged that Forward Funding was created by the same persons who were the officers and directors of CAM to become a successor in interest to CAM, and with the fraudulent intent to

defeat claims against CAM. Additionally, the plaintiffs have alleged Forward Funding is engaged in the same business as was CAM, is operating at the same location, with the same phone number and some, if not all, of the same employees and clients as did CAM. Finally, plaintiffs have alleged that CAM's assets were transferred to Forward Funding for insufficient consideration; in essence, that the sale was not at arm's length. For the purposes of demurrer, the plaintiffs have sufficiently alleged that Forward Funding Corporation is a "mere continuation" of CAM. Accordingly, the Demurrer of Forward Funding on this issue is overruled.

### Hold Harmless Clause

Defendants have demurred to the Third Amended Motion for Judgment alleging a hold harmless clause in the contract prevents actions relating to CAM's investments of The Plan's funds. In pertinent part, paragraph 4 of the contract reads as follows:

> The Principal shall save and hold the Manager harmless from any and all claims, liabilities and demands that may arise against the Manager by reason of his investment of the Fund, including, without limitation, any and all attorney and counsel fees and costs of any action or proceeding to which the Manager may be a part pursuant to this Management Agreement . . . .

Plaintiffs argue that this hold harmless clause relates only to actions by third parties. The Court agrees. Accordingly, the Demurrer on this ground is overruled.

### The Martin A. Schor Revocable Trust

The Martin A. Schor Revocable Trust (The Trust), through its Trustee, demurs to the Third Amended Motion for Judgment claiming that plaintiffs have failed to allege any nexus to or participation in any of the transactions forming the basis for Counts I, II and III. Additionally, The Trust claims the plaintiffs have insufficiently alleged a count for unjust enrichment against it.

The Court agrees with The Trust's arguments as to all counts. The Third Amended Motion for Judgment fails to allege any nexus to or participation in any of the transactions which form the basis of Counts I, II or III. Additionally, the Court finds insufficient allegations to establish a claim of unjust enrichment against The Trust. To establish a count for unjust enrichment a plaintiff must allege: "(1) a

benefit conferred on the defendant by the plaintiff; (2) knowledge on the part of the defendant of the conferring of the benefit; and (3) acceptance or retention of the benefit by the defendant in circumstances that render it inequitable for the defendant to retain the benefit without paying for its value." *Nossen v. Hoy*, 750 F. Supp. 740, 745 (W.D. Va. 1990). Count IV fails to allege these elements. In Virginia, there are procedures for attaching funds prior to judgment. A claim for unjust enrichment simply is not the vehicle. Accordingly, The Trust's Demurrer to the Third Amended Motion for Judgment is sustained as to all counts.