**CIRCUIT COURT OF FAIRFAX COUNTY**

Frank Myska

v.

RMS Technologies, Inc.

June 19, 1992

Case No. (Law) 106889

By Judge Thomas S. Kenny

This matter came before the Court on cross-motions for summary judgment filed by both plaintiff and defendant as to count one of the motion for judgment. The Court grants summary judgment to the defendant.

Frank Myska is an operations engineer whose specialty is communications. RMS provides technical and engineering support on governmental and private contracts. In the summer of 1986, RMS expected to bid on a contract with the Defense Communications Agency ("DCA"). It interviewed Myska for the project since Myska had prior experience on the job. At the conclusion of the interview, both Myska and RMS had an "understanding" that Myska would be hired if RMS got the contract. Shortly after this interview, RMS submitted to DCA a technical proposal that, among other things, proposed Myska as one of the program engineers to be used on the project. The technical proposal included a brief statement of Myska's relevant experience and his resume. Myska claims he never gave RMS permission, oral or written, to use his name or resume in its proposal. After RMS got the contract, Myska was hired for two months.

Myska alleges that RMS' use of his name in its bid violated § 8.01–40 of the Virginia Code (1950 as amended). That code sec-

tion requires that written consent or permission be obtained before a person's name is used for advertising or trade purposes.[1]

RMS admits that it did not receive written permission to use Myska's name and that the use was for "trade" purposes. However, it argues that the statute should be construed to allow an exception between parties who are in an employee-employer relationship. *Slivinsky v. Watkins-Johnson Co.*, 270 Cal. Rptr. 585 (Cal. App. 6 Dist. 1990). The Court declines to accept this argument because the plain language of the Virginia statute does not provide for such an exception. RMS also claims that Myska has not alleged any injury as a result of the violation. This lack of an allegation of injury is, I believe, the Achilles heel of Myska's claim. He has, in fact, not alleged any injury that would flow from the unauthorized use of his name. The right protected by the code section is a property right, *Lavery v. Automation Management Consultants, Inc.*, 234 Va. 145 (1987), and as RMS indicated, the damages Myska alleges he has suffered do not fall into that category. Myska says that RMS has committed the tort of "appropriation," but he is not seeking the benefit RMS received by using his name; rather he is seeking only lost wages, emotional distress, and other damages consequential to his fraud claim.

Myska relied heavily on New York cases that interpret a New York statute, which penalizes an "unauthorized" use of one's name or likeness and is substantially similar to the Virginia statute. Both statutes call for written consent to use one's name or likeness, and both statutes allow recovery "for any injury sustained by reason of such use." In those cases, the New York courts did not look for the injuries that resulted because of the unauthorized use, but instead held that merely because a name or likeness was used without written permission, the plaintiff was entitled to recover. *Caesar v. Chemical Bank*, 483 N.Y. Supp. 16 (1984); *Youssoupoff v. Columbia Broadcasting System, Inc.*, 265 N.Y. Supp. 754 (1965); *Lomax v. New Broadcasting Co., Inc.*, 238 N.Y.S. 2d 781 (1963). Though the Virginia Supreme Court has not ruled on this issue, I believe that it would find that the New York courts have not given the statute full effect. The statute allows one whose likeness or name is used for trade purposes without his consent to "sue and recover damages *for any injuries sustained by reason of such use.*" Section 8.01–40 (em-

---

[1] Myska also seeks damages for RMS' alleged fraud in the matters unrelated to its use of his name in the bid. Those counts are not involved in this opinion.

phasis added). I believe that Virginia would read the plain language of the statute to require that the plaintiff allege an injury which flows from the misappropriation. The Supreme Court has previously demonstrated that it does not intend slavishly to follow New York's lead on this statute. *Cf., Lavery v. Automation Management Consultants*, 234 Va. 145 (1987).

Myska also moved to extend the time for which he can seek discovery. RMS has not responded to this motion. The granting of an extension is within the court's discretion and is hereby so granted.