## CIRCUIT COURT OF HENRICO COUNTY

Henry Usdin et al.

v.

Arthur Boscarino et al.

March 4, 2003

Case No. CL02-1691

BY JUDGE CATHERINE C. HAMMOND

This matter is before the court on Boscarino's motion to quash a summons and subpoena and to vacate a judgment order entered October 4, 1989, by a court of New York State and docketed with the Clerk of this Court in 2002. The judgment creditors ("Hunsinger") have demurred. Counsel have submitted written and oral argument.

Virginia Code § 8.01-252 provides a "cut off" date for an "action" upon a foreign judgment. *Lavery v. Automation Mgt. Consultants, Inc.*, 234 Va. 145 (1987). The statute provides that "in no event shall an action be brought upon [a foreign judgment] rendered more than ten years before the commencement of the action." Boscarino contends that in 2002 Hunsinger could not initiate a summons for debtors' interrogatories or a subpoena duces tecum because ten years had passed after entry of the 1989 judgment. Hunsinger contends that these post-judgment enforcement proceedings were not an "action" within the meaning of § 8.01-252.

I have considered the two circuit court opinions, cited by the parties, and authored by Judges Johnson and Wooldridge. Those are not on point. They analyze the circuit court's ability to look beyond the docketing of the foreign judgment and consider the foreign court's authority to enter the judgment in the first place.

This case is governed by the Uniform Enforcement of Foreign Judgments Act, Virginia Code § 8.01-465.1 et seq. It provides a method for reducing the foreign judgment to a Virginia judgment. Va. Code § 8.01-465.2.

Hunsinger elected to docket the New York judgment pursuant to §§ 8.01-465.2 and 8.01-465.3. Notice was valid. The judgment was then capable of enforcement. Hunsinger did not choose to bring an action that could have been brought pursuant to Va. Code § 8.01-465.5, this procedure having little usefulness after the General Assembly's adoption of the Uniform Act in 1988. Once the New York judgment was filed, § 8.01-465.2, and notice was given, § 8.01-465.3, the judgment became a domestic judgment. Accordingly, the applicable limitation period is found in § 8.01-251. It is twenty years.

Boscarino argues that if Hunsinger prevails it means that the General Assembly "purposely created a loophole for [foreign creditors] to revive their previously moribund claim and bypass the longstanding procedural protection" of § 8.01-252. This argument overlooks the law that existed when the Uniform Act was adopted. In *Carter v. Carter*, 232 Va. 166 (1986), the Supreme Court distinguished between the twenty-year limitations period for the enforcement of judgments and the ten-year period "in which a party may bring an action in Virginia on a foreign judgment." *Id*. at 171. The Supreme Court pointed out that, once the foreign judgment is reduced to a Virginia judgment, "enforcement of the judgment, like any originating in Virginia, is subject to the twenty-year limitations period of § 8.01-251. Thus a foreign judgment creditor may have as many as thirty years to enforce his judgment." *Id*. The Supreme Court's clear distinction between "an action" and "enforcement" proceedings was drawn before the General Assembly adopted the Uniform Act. The Uniform Act is consistent with *Carter* in that the Act preserves the creditor's right to bring an "action," § 8.01-465.5, but obviates the necessity of bringing an action when the creditor chooses to domesticate the judgment, § 8.01-465.2 ("The clerk shall treat the foreign judgment in the same manner as a judgment of [a Virginia court].")

The demurrer is sustained.