## CIRCUIT COURT OF LOUDOUN COUNTY

T & M Electric, Inc., et al.

v.

ProLogis Trust et al.

April 27, 2006

Case No. (Chancery) 22011
(Consolidated with
Case Nos. (Chancery) 22024, 22104, and 22108)

BY JUDGE THOMAS D. HORNE

This mechanic's lien case came before the Court on evidence taken before a Commissioner in Chancery and papers filed by the parties in support of their positions. As a result of the death of the Commissioner, no report was filed. Accordingly, at the request of counsel, the Court permitted the parties access to the file of the Commissioner in order that they might find a rough draft of the report. No such report was filed. The Court indicated that it would independently review the extensive record, including the hearing transcript and decide the issues raised by the pleadings.

T & M Electric, the electrical subcontractor, filed suit on August 16, 2002, against ProLogis Trust; Sterling Semiconductor, Inc.; Pro-Industrial Funding Company, Inc.; Douglas B. McDonald, Trustee; Ellen F. Dyke, Trustee; Capital Improvements Incorporated; Re:Source Washington, D.C., Inc.; Bruce Humphrey Construction; and Bilman Company, Inc., in Chancery Number 22011. T & M Electric alleged the following counts: Count I, Enforcement of Mechanic's Lien; Count II, Quantum Meruit against Sterling Semiconductor and ProLogis; and Count III, Breach of Subcontract against Capital Improvements. The requested judgment amount totaled $129,611.00 plus interest and reasonable attorney's fees.

404

Re:Source Washington, D.C., Inc., (hereinafter "Re:Source"), the flooring subcontractor, filed suit on August 22, 2002, against ProLogis Trust; Sterling Semiconductor, Inc.; Pro-Industrial Funding Company, Inc.; Douglas B. McDonald, Trustee; Ellen F. Dyke, Trustee; Capital Improvements, Inc.; T & M Electric; Bruce Humphrey Construction; and Bilman Company, Inc., in Chancery Number 22024. Re:Source alleged the same three counts as T & M Electric and requested judgment in the amount of $27,590.00 plus interest and reasonable attorney's fees. Summary judgment was granted against Capital Improvements on June 4, 2004. The Court found there was no question of material fact as to Re:Source's claim against Capital Improvements.

Capital Improvements, Inc. (hereinafter "Capital Improvements"), the general contractor, filed suit on September 20, 2002, against ProLogis Trust; Sterling Semiconductor, Inc.; Pro-Industrial Funding Company, Inc.; Douglas B. McDonald, Trustee; Ellen F. Dyke, Trustee; T & M Electric; Re:Source Washington, D.C., Inc.; Bruce Humphrey Construction; Bilman Company, Inc.; Unitek Miyachi Corporation,; GTI Technologies, Inc.; Washington Workplace, Inc.; and Cengiz Balkas in Chancery Number 22104. Capital Improvements alleged the same three counts listed above and requested judgment in the amount of $560,208 plus interest and reasonable attorney's fees.

Bilman Company, Inc.[1] (hereinafter "Bilman"), the HVAC subcontractor, filed suit on September 24, 2002, against ProLogis Trust; Sterling Semiconductor, Inc.; Pro-Industrial Funding Company, Inc.; Douglas B. McDonald, Trustee; Ellen F. Dyke, Trustee; Capital Improvements, Inc.; T & M Electric; Re:Source Washington, D.C., Inc.; and Bruce Humphrey Construction in Chancery Number 22108. Bilman alleged the following counts: Count I, Enforcement of Mechanic's Lien and Count II, Unjust Enrichment/Quantum Meruit against ProLogis. The requested judgment amount is $221,084.65 plus prejudgment interest, costs, and reasonable attorney's fees.

The four cases were consolidated by order of this Court on November 7, 2003. That same order appointed a Commissioner in Chancery to hear evidence and report his conclusions and findings to this Court. For the reasons stated above, the Court has reviewed all the evidence received by the Commissioner during a three-day hearing in September 2004.

Based upon a review of the record, it is the opinion of the Court that the provisions of Va. Code Ann. § 43-20 (2005), control the enforcement of the lien claims against the owner. The evidence does not support the claim of the complainants that the owner "ordered or authorized" the improvements to the

---

[1] Bilman is the successor in interest to Capital Improvements per order of June 4, 2004.

property or that the owner acted as the agent of the tenant in having the repairs done to the leased premises. Contrariwise, the complainants are limited in recovery of their lien claims only to the extent of the leasehold interest obtained by the party requesting the work be done. Va. Code Ann. § 43-20. To grant the relief asked by the complainants and impress a lien upon the owner of the leased premises with whom they did not contract would constitute an unwarranted extension of the mechanic's lien statute. It is noted that any assets of the tenant that might be subject to the lien have been the subjects of bankruptcy proceedings.

The case law does not support recovery on such lien claims. While the landlord consented to the alterations to the rented premises, it did nothing to induce the contractor or subcontractors to do the work required by the construction contract. *Feuchtenberger v. Williamson, Carroll & Saunders*, 137 Va. 578 (1923). Nothing was said or written that would suggest that the contractor would be looking to the owner for payment of the alterations to the building. *Carter v. Keeton & Coleman*, 112 Va. 307 (1911). The tenant was not the agent of the owner. Alterations to the building were done for the convenience of the tenant. Nothing in the lease required the tenant to make such alterations. *Atlas Portland Cement Co. v. Main Line Realty Corp.*, 112 Va. 7 (1911).

The Court finds that the facts do not support recovery on the various complainants' lien claims. Accordingly, the actions to enforce such liens as to the property owner, ProLogis, are dismissed.

Complainants seek recovery in quantum meruit. The elements of quantum meruit are as follows: (1) a benefit conferred on the defendant by the plaintiff; (2) knowledge on the part of the defendant of the conferring of the benefit; (3) acceptance or retention of the benefit by the defendant in circumstances that render it inequitable for the defendant to retain the benefit without paying for its value. *Nossen v. Hoy*, 750 F. Supp. 740, 744 (E.D. Va. 1990).

To recover in quantum meruit, the complainant must show some implication of payment. *Mullins v. Mingo Lime & Lumber Co.*, 176 Va. 44 (1940). Additionally, in *Nossen*, Judge Merhige presented a modern view of the action:

> Furthermore, the modern trend is to recognize actions for quasi-contract based on a "reasonable expectation theory." Under this doctrine, one of three things must be true to recover in quasi-contract: (1) The plaintiff had a reasonable expectation of

406

payment; (2) The defendant should reasonably have expected to pay; or (3) Society's reasonable expectations of security of person and property would be defeated by nonpayment.

*Nossen*, at 745.

The record does not support the elements of such a claim. Neither party could reasonably expect the owner to pay. Accordingly, the motion to strike will be granted as to those claims.