[No. 6863-3-III. Division Three. November 5, 1985.]

CLYDE EASTWOOD, ET AL, *Appellants*, v. CASCADE BROADCASTING COMPANY, ET AL, *Respondents*.

*Robert F. Ewing, Jr., Huppin, Ewing, Anderson & Hergert, Blaine Gibson,* and *McArdle, Dohn, Talbott & Simpson,* for appellants.

*David A. Thorner* and *Thorner, Almon, Kennedy & Gano,* for respondent Cascade Broadcasting.

*Wiley G. Hurst* and *Elofson, Vincent, Hurst, Crossland, Menke & Putney,* for respondent Apple Valley Broadcasting.

*Alan D. Campbell* and *Velikanje, Moore & Shore,* for respondent Columbia Empire Broadcasting.

THOMPSON, J.—The sole issue here is which statute of limitation is applicable to an action for invasion of privacy.

On June 3, 1981, three Yakima TV stations broadcast a statement that Clyde Eastwood was a coconspirator, or an unindicted coconspirator, in a federal criminal case. The statement was false. On June 1, 1984, Mr. Eastwood filed an action against the TV stations, alleging defamation, negligence, invasion of privacy, and negligent infliction of emotional distress.

The TV stations raised the 2-year statute of limitation, RCW 4.16.100(1), as an affirmative defense. Mr. Eastwood conceded the 2-year statute of limitation barred the defamation action, but moved for summary judgment claiming RCW 4.16.080(2), the 3-year statute of limitation, applied to the remaining claims; the TV stations moved for judgment on the pleadings. On November 30, 1984, the court granted the TV stations' motion, dismissing all Mr. Eastwood's actions with prejudice.

Mr. Eastwood contends an invasion of privacy tort is separate and distinct from libel or slander, and the applicable statute of limitation is RCW 4.16.080(2), which provides a limitation of 3 years for "[a]n action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for *any other injury to the person or rights of another not hereinafter enumerated*". (Italics ours.) We agree.

Mr. Eastwood's invasion of privacy or false light claim

was dismissed in a motion for judgment on the pleadings.[1] Thus, we must examine those pleadings and determine whether Mr. Eastwood can prove any set of facts, consistent with the complaint, which would entitle him to relief. *Gould v. Mutual Life Ins. Co.,* 37 Wn. App. 756, 759, 683 P.2d 207 (1984). The construction or interpretation of a statute is a legal question. *State ex rel. Humiston v. Meyers,* 61 Wn.2d 772, 777, 380 P.2d 735 (1963).

In dismissing Mr. Eastwood's false light claim, the trial court applied the 2–year statute of limitation, RCW 4.16-.100. RCW 4.16.100 (Laws of 1881, § 29) provides:

> Actions limited to two years. Within two years:
> (1) An action for libel, slander, assault, assault and battery, or false imprisonment.
> (2) An action upon a statute for a forfeiture or penalty to the state.

In applying RCW 4.16.100 the trial court determined Mr. Eastwood's false light claim arose out of the same incident and was based on the same facts which supported his defamation action. The court was persuaded by the reasoning of *Smith v. Esquire, Inc.,* 494 F. Supp. 967, 970 (D. Md. 1980), which held:

> where the basis of the cause of action is the false nature of the publication, *i. e.* a defamation, the action should be governed by the various limitations placed on an action for defamation. To hold otherwise would allow a plaintiff, in any defamation action where there has been a general publication, to avoid the otherwise applicable one–year statute merely by phrasing the cause of action in terms of invasion of privacy. Thus, . . . the underlying cause of action is libel and the one–year statute of limitations is applicable.

False light is a component of the broader invasion of privacy tort. The right of privacy was introduced and defined as an independent legal cause of action in 1890, with the publication of a law review article by Warren and Brandeis. Warren & Brandeis, *The Right to Privacy,* 4 Harv. L. Rev.

---

[1] Mr. Eastwood did not appeal the dismissal of the claims based on defamation, negligence and negligent infliction of emotional distress.

193 (1890).

> The law of privacy comprises four distinct kinds of invasion of four different interests of the plaintiff, which are tied together by the common name, but otherwise have almost nothing in common except that each represents an interference with the right of the plaintiff . . . "to be let alone."

Prosser, *Privacy,* 48 Calif. L. Rev. 383, 389 (1960). Prosser describes these torts as:

> 1. Intrusion upon the plaintiff's seclusion or solitude, or into his private affairs.
> 2. Public disclosure of embarrassing private facts about the plaintiff.
> 3. Publicity which places the plaintiff in a false light in the public eye.
> 4. Appropriation, for the defendant's advantage, of the plaintiff's name or likeness.

The elements of a false light cause of action are: (1) publication (2) of a materially false statement concerning the plaintiff (3) that would be highly offensive to a reasonable person. Comment, *False Light: Invasion of Privacy?,* 15 Tulsa L.J. 113, 119 (1979). Although the false light need not necessarily be defamatory, it very often is, so that a defamation action will also lie. W. Keeton, D. Dobbs, R. Keeton & D. Owen, *Prosser and Keeton on Torts* § 117, at 864 (5th ed. 1984). However, the two actions should be carefully distinguished. "The former is to protect a person's interest in a good reputation, and . . . [t]he latter is to protect a person's interest in being let alone and is available when there has been publicity of a kind that is highly offensive." W. Keeton, at 864. The Restatement (Second) of Torts § 652E (1977) adopts the view that a false statement may be defamatory and yet may make publicity about an event or matter actionable as an invasion of privacy; but more importantly, the statement may not be defamatory yet still be actionable as an invasion of privacy. Restatement (Second) of Torts § 652E, comment *b,* at 395.

Although invasion of privacy, particularly false light, has received little attention in Washington, it is a recognized

cause of action. *See Mark v. Seattle Times,* 96 Wn.2d 473, 497, 635 P.2d 1081 (1981), *cert. denied,* 457 U.S. 1124 (1982). Citing Restatement (Second) of Torts, *Mark* noted, at page 497, for a privacy action to lie "[t]he interference with a plaintiff's seclusion must be a substantial one resulting from conduct of a kind that would be offensive and objectionable to the ordinary person." In *Caruso v. Local 690, Int'l Bhd. of Teamsters,* 100 Wn.2d 343, 352, 670 P.2d 240 (1983), defendant union's attempt to apply privacy action standards to a defamation action was rejected. The court noted a cause of action for a violation to a person's right to privacy is an action separate and distinct from a defamation action.

The TV stations claim the limitation issue has been decided in *Moloney v. Tribune Pub'g Co.,* 26 Wn. App. 357, 363, 613 P.2d 1179, *review denied,* 94 Wn.2d 1014 (1980), *overruled on other grounds in Bender v. Seattle,* 99 Wn.2d 582, 664 P.2d 492 (1983). We note, however, that *Moloney*'s characterization of a privacy action as defamation for purposes of statutes of limitation was dicta.

Generally, the statutes of limitation applied to an invasion of privacy action depend upon the wording of the statutes, particularly those governing tort actions, in the particular jurisdictions. *See* Annot., *Limitation of Actions: Invasion of Right of Privacy,* 33 A.L.R.4th 479 (1984). A majority of the jurisdictions support Mr. Eastwood's claim that an invasion of privacy action does not fall within a libel and slander statute of limitation. California, Arizona, and Florida apply the statute of limitation governing actions for injury to the person to damage actions for invasion of privacy. *See Cain v. State Farm Mut. Auto. Ins. Co.,* 62 Cal. App. 3d 310, 132 Cal. Rptr. 860 (1976); *Fleury v. Harper & Row, Publishers, Inc.,* 698 F.2d 1022 (9th Cir.), *cert. denied,* 464 U.S. 846, 78 L. Ed. 2d 139, 104 S. Ct. 149 (1983); *Hansen v. Stoll,* 130 Ariz. 454, 636 P.2d 1236 (Ct. App. 1981); *Houston v. Florida–Georgia Television Co.,* 192 So. 2d 540 (Fla. Dist. Ct. App. 1966). Connecticut, Kansas,

Michigan[2] and Texas hold the torts of defamation and invasion of privacy are subject to different limitations and, therefore, apply the general tort statute rather than the defamation statute to invasion of privacy. *Hazlitt v. Fawcett Publications, Inc.,* 116 F. Supp. 538, 542 (D. Conn. 1953); *Rinsley v. Brandt,* 446 F. Supp. 850 (D. Kan. 1977); *Arent v. Hatch,* 133 Mich. App. 700, 349 N.W.2d 536 (1984); *Wood v. Hustler Magazine, Inc.,* 736 F.2d 1084 (5th Cir. 1984), *cert. denied,* 469 U.S. 1107, 83 L. Ed. 2d 777, 105 S. Ct. 783 (1985).

Although Pennsylvania originally applied the general statute of limitation, the Legislature eventually established a 1–year statute of limitation for both defamation and invasion of privacy. *See Uhl v. Columbia Broadcasting Sys., Inc.,* 476 F. Supp. 1134, 1137 (W.D. Pa. 1979). Finally, New York and Virginia both have specific statutory rights of privacy which replace the broader common law action. *See Stephano v. News Group Publications, Inc.,* 64 N.Y.2d 174, 474 N.E.2d 580, 485 N.Y.S.2d 220 (1984); *Brown v. American Broadcasting Co.,* 704 F.2d 1296 (4th Cir. 1983).

Washington defines a statute of limitation as the action of the State in determining that, after the lapse of a specified time, a claim shall not be enforceable in a judicial proceeding. *Watters v. Doud,* 92 Wn.2d 317, 321, 596 P.2d 280 (1979). However, it cannot be said the Legislature, in enacting RCW 4.16.100 in 1881, had the privacy tort in mind since that cause of action was not introduced to the legal community until 1890. Further, to apply our libel and slander statute of limitation to privacy actions ignores the separate and distinct nature of these torts. For example, two other types of invasion of privacy are intrusion and

---

[2]Michigan consolidates injuries to persons or property under amendments 7 and 8 of Mich. Comp. Laws § 600.5805 (1978) (effective December 13, 1978), but applies various time periods:

"(7) The period of limitations is 1 year for an action charging libel or slander.

"(8) The period of limitations is 3 years after the time of the . . . injury for all other actions to recover damages for . . . injury to a person or property." (Italics omitted.)

appropriation.

    While the interest protected by the tort of intrusion is that of personal feelings such as mental anguish, embarrassment, and humiliation, the interest protected by the appropriation tort is essentially a pecuniary one measured by the value of the defendant's unjust enrichment.

Comment, *The Privacy Action in Texas: Its Characterization, and a Determination of Applicable Statutes of Limitations*, 29 Sw. L.J. 928, 936 (1975). *See also Canessa v. J.I. Kislak, Inc.*, 97 N.J. Super. 327, 235 A.2d 62 (1967) (implicit in appropriation by a defendant of another's likeness is the right of property). Moreover, neither involves defamation. *See* W. Keeton, *supra.* Prosser has acknowledged the apparent confusion of the law in this area but states "almost all of the confusion is due to a failure to separate and distinguish these four forms of invasion, and to realize that they call for different things." Prosser, *Privacy*, 48 Calif. L. Rev. 383, 407 (1960). Thus, we hold that until the Legislature directs otherwise, privacy actions are governed by RCW 4.16.080(2), the 3-year statute of limitation.

    Reversed.

    McINTURFF, A.C.J., and MUNSON, J., concur.

    Reconsideration denied December 10, 1985.

    Review granted by Supreme Court February 20, 1986.