[No. 52387–8.   En Banc.   July 24, 1986.]

CLYDE EASTWOOD, ET AL, *Respondents,* v. CASCADE BROADCASTING COMPANY, ET AL, *Petitioners.*

*Velikanje, Moore & Shore, Inc., P.S.,* by *Alan D. Campbell; Thorner, Kennedy, Gano & Rowley, P.S.,* by *David A. Thorner;* and *Elofson, Vincent, Hurst, Crossland & Menke,* by *Wiley G. Hurst,* for petitioners.

*Huppin, Ewing, Anderson & Hergert, P.S.,* by *Robert F. Ewing,* and *McArdle, Dohn, Talbott & Simpson,* by *Blaine G. Gibson,* for respondents.

*Gordon G. Conger* and *Robert B. Mitchell* on behalf of Allied Daily Newspapers and Association of Broadcasters, amici curiae for petitioners.

ANDERSEN, J.—

## FACTS OF CASE

At issue in this case is which statute of limitations applies to a "false light" invasion of privacy claim.

On June 3, 1981, three Yakima television stations broadcast that Clyde Eastwood was a coconspirator, or an unin-

dicted coconspirator, in a criminal matter filed in federal district court. Clyde Eastwood, Karen Eastwood and Eastwood Drilling, Inc., sued Cascade Broadcasting Company, Apple Valley Broadcasting, Inc., and Columbia Empire Broadcasting Corporation alleging that the broadcast was "false, untrue, and totally incorrect."

In a complaint filed on June 1, 1984, just short of 3 years from the date of the broadcasts in question, plaintiffs stated four causes of action: defamation, negligence, invasion of privacy and negligent infliction of emotional distress. Plaintiffs based their third cause of action on the "false light" form of invasion of privacy. Defendants answered, and by way of affirmative defense, pleaded that plaintiffs' claims were barred by the 2–year statute of limitations applicable to libel and slander cases.

Plaintiffs thereupon acknowledged that the defamation action was barred by the 2–year libel and slander statute of limitations (RCW 4.16.100), but moved for partial summary judgment on the statute of limitations defense on the ground that the 3–year tort statute of limitations (RCW 4.16.080) was applicable to their claims for negligence, negligent infliction of emotional distress, and invasion of privacy. Defendants then jointly moved for judgment on the pleadings, contending that all three of these causes of action were essentially defamation actions and thus barred by the 2–year statute of limitations (RCW 4.16.100). The trial court agreed with the defendants and granted their motion for judgment on the pleadings.[1] In so ruling, the court also denied the plaintiffs' motion for summary judgment and dismissed their complaint with prejudice.

Plaintiffs appealed only the trial court's dismissal of their invasion of privacy claim. The Court of Appeals reversed the trial court, holding that invasion of privacy causes of action are subject to the 3–year statute of limitations

---

[1] CR 12(b).

(RCW 4.16.080(2)).[2]

We granted defendants' petition for review.

One issue is presented.

### ISSUE

Is a false light invasion of privacy claim governed by the 2–year statute of limitations for libel and slander (RCW 4.16.100) or the 3–year statute of limitations for injury to the person or rights of another (RCW 4.16.080)?

### DECISION

CONCLUSION. Where a given set of facts gives rise to a defamation cause of action, it cannot be recharacterized as a false light invasion of privacy cause of action for statute of limitations purposes. The 2–year libel and slander statute of limitations thus applies in this case.

The protectable interest in privacy is generally held to involve four distinct types of invasion: intrusion, disclosure, false light and appropriation.[3] These four privacy torts are related in that "each involves interference with the interest of the individual in leading, to some reasonable extent, a secluded and private life, free from the prying eyes, ears and publications of others."[4] An action based on invasion of privacy is separate and distinct from a defamation action.[5]

While we have not previously discussed the statute of limitations applicable to an invasion of privacy claim, the Court of Appeals has twice done so. When the present case was before Division Three, it declined to apply the defama-

---

[2]*Eastwood v. Cascade Broadcasting Co.,* 42 Wn. App. 88, 94, 708 P.2d 1216 (1985).

[3]*Mark v. Seattle Times,* 96 Wn.2d 473, 497, 635 P.2d 1081 (1981), *cert. denied,* 457 U.S. 1124 (1982).

[4]Restatement (Second) of Torts § 652A, comment *b,* at 377 (1977).

[5]*Caruso v. Local 690, Int'l Bhd. of Teamsters,* 100 Wn.2d 343, 352–53, 670 P.2d 240 (1983); *see also Brink v. Griffith,* 65 Wn.2d 253, 258, 396 P.2d 793 (1964).

tion limitation to invasion of privacy actions. *Eastwood v. Cascade Broadcasting Co.,* 42 Wn. App. 88, 94, 708 P.2d 1216 (1985). The statute of limitations applied by Division Three in *Eastwood* reads:

Actions limited to three years. Within three years:
. . .
(2) An action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another not hereinafter enumerated;

RCW 4.16.080. In holding as it did, Division Three chose not to follow an earlier Division Two opinion holding that the 2–year limitation for defamation actions applied to false light invasion of privacy claims.[6] The 2–year statute relied on by Division Two in *Moloney v. Tribune Pub'g Co.,* 26 Wn. App. 357, 613 P.2d 1179, *review denied,* 94 Wn.2d 1014 (1980), *overruled on other grounds in Bender v. Seattle,* 99 Wn.2d 582, 664 P.2d 492 (1983) reads:

Actions limited to two years. Within two years:
(1) An action for libel, slander, assault, assault and battery, or false imprisonment.

RCW 4.16.100.

■ The difficulty in deciding which statute of limitations to apply to an invasion of privacy claim stems from the similarities between false light and defamation claims. To establish liability for defamation there must be a false and defamatory statement concerning another, an unprivileged communication to a third party, fault amounting at least to negligence on the publisher's part, and either actionability of the statement or special harm caused by the publication.[7] A false light claim arises when someone publicizes a matter that places another in a false light if (a) the false light would be highly offensive to a reasonable person

---

[6]*Moloney v. Tribune Pub'g Co.,* 26 Wn. App. 357, 362–63, 613 P.2d 1179, *review denied,* 94 Wn.2d 1014 (1980), *overruled on other grounds in Bender v. Seattle,* 99 Wn.2d 582, 664 P.2d 492 (1983).

[7]Restatement (Second) of Torts § 558 (1977); *see also Caruso,* at 352.

and (b) the actor knew of or recklessly disregarded the falsity of the publication and the false light in which the other would be placed.[8]

The theoretical difference between the two torts is that a defamation action is primarily concerned with compensating the injured party for damage to reputation, while an invasion of privacy action is primarily concerned with compensating for injured feelings or mental suffering.[9] The two torts overlap, however, when the statement complained of is both false and defamatory. In such a case the plaintiff can proceed upon either theory, or both, although he can have but one recovery for a single instance of publicity.[10] A plaintiff need not be defamed to bring a false light action:

> It is enough that he is given unreasonable and highly objectionable publicity that attributes to him characteristics, conduct or beliefs that are false, and so is placed before the public in a false position. When this is the case and the matter attributed to the plaintiff is not defamatory, the rule here stated affords a different remedy, not available in an action for defamation.

Restatement (Second) of Torts § 652E, comment *b.*

While all false light cases need not be defamation cases, all defamation cases are potentially false light cases. As Dean Prosser observed,

> the question may well be raised, and is still unanswered, whether [the false light] branch of the tort is not capable of swallowing up and engulfing the whole law of defamation; and whether there is any false libel printed, for example, in a newspaper, which cannot be redressed upon the alternative ground.

W. Prosser, *Torts* § 117, at 813 (4th ed. 1971).

The duplication between false light and defamation claims has led some courts to apply the same statute of

---

[8]Restatement (Second) of Torts § 652E (1977).

[9]*Brink,* at 258; *see also* Wade, *Defamation and the Right of Privacy,* 15 Vand. L. Rev. 1093, 1094 (1962).

[10]Restatement (Second) of Torts § 652E, comment *b,* at 395 (1977).

limitations to defamation and false light actions. A federal district court cited Prosser's observations and concluded that

in cases based on a "false light" theory of invasion of privacy, where the underlying "false light" relied upon arises out of an alleged defamatory statement, the proper cause of action is actually defamation and accordingly the case, whether stated in terms of defamation or invasion of privacy, is governed by the [defamation] statute of limitations.

*Smith v. Esquire, Inc.*, 494 F. Supp. 967, 970 (D. Md. 1980). As that court noted, to hold otherwise "would allow a plaintiff, in any defamation action where there has been a general publication, to avoid the otherwise applicable [shorter defamation statute of limitations] merely by phrasing the cause of action in terms of invasion of privacy."[11]

Another federal district court wanted to reach the same result but declined to do so because of applicable Pennsylvania case law to the contrary. *Uhl v. CBS, Inc.*, 476 F. Supp. 1134 (W.D. Pa. 1979). The court also could not perceive why the statute of limitations applicable to defamation and invasion of privacy claims should differ when the interests those claims protect are so similar.[12]

The length of a statute of limitations is sometimes determined by the kinds of injuries that particular causes of action protect and the speed with which they become apparent to the person injured.[13] The injuries resulting from invasion of privacy and defamation are similar and become apparent at the same time.[14] As the *Uhl* court observed,

Publications which may give rise to liability under both

---

[11]*Smith v. Esquire, Inc.*, 494 F. Supp. 967, 970 (D. Md. 1980).

[12]*Uhl v. CBS, Inc.*, 476 F. Supp. 1134, 1137 (W.D. Pa. 1979).

[13]*Uhl*, at 1137.

[14]*Uhl*, at 1137.

torts travel through the same media at the same speed. That a particular act may give rise to a cause of action under both torts but that the two statutes of limitations may differ in such cases baffles the court as well as the layman and gives substance to Dickens' observation about the nature of the law.

*Uhl,* at 1137. In that case, the Pennsylvania statute creating the same statute of limitations for both invasion of privacy and defamation claims came too late to prevent what the court referred to as "this aberration".[15]

The analysis of Division Two of the Court of Appeals in *Moloney* echoed *Smith* and *Uhl.* Though obiter dictum, the opinion was clear:

We decline to hold that the restrictions and limitations which have hedged about defamation for so many years can be bypassed in the present case by bringing an action for invasion of privacy after the running of the statute of limitation for defamation.

*Moloney,* at 362–63.

We recognize that some courts have concluded that invasion of privacy and defamation are different torts governed by different statutes of limitation.[16] We also recognize that the overlap between false light and defamation has led at least one court to refuse to recognize the false light tort altogether. Two basic concerns led the North Carolina Supreme Court to decline to recognize a "false light" claim as a distinct tort:

First, any right to recover for a false light invasion of privacy will often either duplicate an existing right of recovery for libel or slander or involve a good deal of overlapping with such rights. Second, the recognition of a separate tort of false light invasion of privacy, to the extent it would allow recovery beyond that permitted in actions for libel or slander, would tend to add to the ten-

---

[15]*Uhl,* at 1137.

[16]*See, e.g., Wood v. Hustler Magazine, Inc.,* 736 F.2d 1084, 1088 (5th Cir. 1984), *cert. denied,* 469 U.S. 1107 (1985); *Rinsley v. Brandt,* 446 F. Supp. 850, 858 (D. Kan. 1977); *Hazlitt v. Fawcett Publications, Inc.,* 116 F. Supp. 538, 542 (D. Conn. 1953).

sion already existing between the First Amendment and the law of torts in cases of this nature.

*Renwick v. News & Observer Pub'g Co.,* 310 N.C. 312, 323, 312 S.E.2d 405, *cert. denied,* 469 U.S. 858 (1984).[17] Because it is unnecessary to do so in this case, we decline to decide the issue addressed in *Renwick.*

We are persuaded that because of the duplication inherent in false light and defamation claims that the same statute of limitations is applicable to both actions. Accordingly, we hold that a false light invasion of privacy claim is governed by the 2–year statute of limitations for libel and slander, RCW 4.16.100(1).

The Court of Appeals is reversed and the trial court's order granting defendants' motion for judgment on the pleadings is affirmed.

DOLLIVER, C.J., and UTTER, BRACHTENBACH, DORE, PEARSON, CALLOW, GOODLOE, and DURHAM, JJ., concur.

---

[17]*See also Sullivan v. Pulitzer Broadcasting Co.,* 709 S.W.2d 475 (Mo. 1986); *Arrington v. New York Times Co.,* 55 N.Y.2d 433, 434 N.E.2d 1319, 449 N.Y.S.2d 941 (1982), *cert. denied,* 459 U.S. 1146 (1983).