

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| BOUALEM HABIB, | ) | No. 76098-0-I |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MATSON NAVIGATION COMPANY, | ) | |
| INC., a Hawaii corporation; AMERICAN | ) | |
| CORPORATE SECURITY, INC., a | ) | UNPUBLISHED OPINION |
| California corporation, | ) | |
| | ) | FILED: June 18, 2018 |
| Respondents. | ) | |
| | ) | |

VERELLEN, J. — The trial court granted summary judgment dismissing Boualem Habib's defamation and false light claims against his former employer and a provider of security services. Because Habib's claims are barred by the two-year statute of limitations, we affirm.

## FACTS

The undisputed factual background is set forth in the unpublished decision of the United States District Court for the Western District of Washington dismissing Boualem Habib's claim for wrongful termination.[1]

---

[1] Habib v. Matson Navigation Company, Inc., 2014 WL 4243703 (U.S. Dist. Ct. W.D. Aug 26, 2014).

Matson Navigation Company, Inc. operates container vessels transporting goods between the West Coast of the United States and Hawaii. Matson hired Boualem Habib, who is of Arabic descent and a Muslim, in 2011 to work as a chief cook on the SS *Maui*. At the time of these events, the SS *Maui* was berthed at Terminal 18 in Seattle.

On June 25, 2011, Habib left the vessel to take a "trip off" as vacation time as permitted by his collective bargaining agreement. During a trip off, an employee such as Habib is not considered to be a member of the ship's crew or an employee of Matson because the employee is not a party to a contract for a specific voyage.

On August 6, 2011, while still on vacation, Habib boarded the SS *Maui* twice. First, he boarded the vessel at 3:00 a.m. to take a shipmate to the airport. Later the same day, Habib boarded the vessel to retrieve fishing gear he left aboard the ship. The same day, the ship's master received a report that Habib boarded the vessel without permission and that he had verbally assaulted a member of the ship's crew. Habib denied the alleged altercation.

Security at Terminal 18 is provided to Matson and other operators by American Corporate Security (ACS). Individuals gain access to the terminal by possessing a valid transportation worker identification credential (TWIC card) bearing the maritime worker's photograph. However, in order to gain access to a particular vessel, one must also be on the vessel's current crew list, on its approved visitor list, or have express permission from the vessel's master. Habib

did not deny boarding the ship at a time when he was not a crew member, was not on the visitor's list, and did not have express permission.

On August 11, 2011, Matson terminated Habib's employment based on its conclusion that his actions violated provisions of his collective bargaining agreement.

Habib later filed a union grievance. The union conducted its own investigation and concluded that Habib violated policy and security protocols by boarding the vessel.

Habib filed a lawsuit against Matson in federal court, alleging that his termination was discriminatory under federal law. In August 2014, the federal court granted Matson's motion for summary judgment and dismissed Habib's action. The court concluded that Matson had nondiscriminatory business reasons for the termination and that Habib failed present evidence to rebut the employer's legitimate reasons.

On July 31, 2015, Habib filed this case against Matson and ACS in King County Superior Court. Habib alleged that when Matson terminated his employment, it also directed ACS to post copies of his TWIC card in security posts at Terminal 18. He alleged this dissemination informed staff and visitors that Habib was "considered a security threat to the safety of the crew members and the vessel" and that he was prohibited from gaining access to the terminal.[2] Habib claimed that neither Matson nor ACS conducted adequate investigation in order to

---

[2] Clerk's Papers (CP) at 865.

determine whether he was in fact a security threat. Habib further alleged that, as of May 2015, ACS continued to display his TWIC card at Terminal 18. Habib stated that neither Matson nor ACS had responded to his request to cease displaying his card. Habib sought injunctive relief, raising several causes of action, including defamation, invasion of privacy, false light, and intentional infliction of emotional distress.

Both Matson and ACS filed motions for summary judgment. At the hearing on the motions, Habib voluntarily dismissed his invasion of privacy claim. The trial court granted the defendants' motions and dismissed Habib's claims for defamation and false light as barred by the statute of limitations. The court also dismissed Habib's claim for intentional infliction of emotional distress, concluding there was no triable fact. The court initially reserved ruling on Habib's claim for a permanent injunction but later entered an order disposing of that claim as well.

Habib appeals.[3]

---

[3] Because Habib appended materials to his opening brief that were not part of the record before the trial court and he fails to properly cite to the record, ACS asks this court to strike Habib's opening brief. See RAP 10.3(8) (appendix to appellate brief may not contain materials not in the record on review without permission of the appellate court); RAP 10.3(a)(5) (reference to the record required for each factual statement). While Habib's brief is noncompliant with the rules in these respects, we are able to address his appeal on the merits and decline to strike the brief. Nevertheless, we do not consider any materials not included in the appellate record. See RAP 9.12 (appellate review of an order granting summary judgment is limited to those materials properly before the trial court).

ANALYSIS

Habib challenges dismissal of his "defamation related" claims.[4] Specifically, Habib claims the trial court erred in concluding that the statute of limitations bars his claims for defamation and false light.

We review summary judgment orders de novo, engaging in the same inquiry as the trial court.[5] Summary judgment is appropriate if the evidence, when viewed in a light most favorable to the nonmoving party, shows no genuine issue of material fact remains and the moving party is entitled to judgment as a matter of law.[6]

After the moving party has met the initial burden, the nonmoving party must set forth specific facts sufficiently rebutting the moving party's contentions and establishing the existence of a material issue of fact.[7] The nonmoving party may not rely on speculation, argumentative assertions that unresolved factual issues

---

[4] Although Habib mentions the dismissal of his claims for intentional infliction of emotional distress and invasion of privacy and his request for permanent injunctive relief, mere reference to these claims is insufficient to warrant judicial review. RAP 10.3(6) directs each party to supply in its brief, "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." "'Passing treatment of an issue or lack of reasoned argument does not merit our consideration.'" West v. Thurston County, 168 Wn. App. 162, 187, 275 P.3d 1200 (2012) (quoting Holland v. City of Tacoma, 90 Wn. App. 533, 538, 954 P.2d 290 (1998)). We therefore address only the dismissal of Habib's defamation and false light causes of action.

[5] Mohr v. Grant, 153 Wn.2d 812, 821, 108 P.3d 768 (2005) (quoting Mulcahy v. Farmers Ins. of Wash., 152 Wn.2d 92, 98, 95 P.3d 313 (2004)).

[6] CR 56(c).

[7] Graff v. Allstate Ins. Co., 113 Wn. App. 799, 802, 54 P.3d 1266 (2002).

remain, or having its affidavits considered at face value.[8] The trial court should grant a summary judgment motion only if, from all the evidence, reasonable persons could reach but one conclusion.[9]

Both defamation and false light claims have a two-year limitations period.[10] Habib acknowledged in his deposition testimony that a copy of his TWIC card was posted at Terminal 18 in August 2011 and remained on display until January 2016.[11]

The general rule in a personal injury case is that a cause of action accrues at the time the act or omission occurs.[12] Matson and ACS argue that Habib's cause of action accrued when ACS displayed the TWIC card in 2011. Therefore, according to respondents, Habib's claims, filed approximately four years later on July 31, 2015, are barred by the statute of limitations.

Habib advances several arguments in opposition. First, Habib contends that the discovery rule applies because he did not know, and could not have known, about the posting of his TWIC card in 2011. The discovery rule is an

---

[8] Seven Gables Corp. v. MGM/UA Entm't Co., 106 Wn.2d 1, 13, 721 P.2d 1 (1986).

[9] Wilson v. Steinbach, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982).

[10] RCW 4.16.100(1); Eastwood v. Cascade Broad. Co., 106 Wn.2d 466, 474, 722 P.2d 1295 (1986) (false light claim governed by RCW 4.16.100(1))

[11] Prior to a second hearing on Habib's motion for a preliminary injunction, the defendants agreed to cease displaying Habib's TWIC card at all Terminal 18 locations by January 29, 2016.

[12] See White v. Johns-Manville Corp., 103 Wn.2d 344, 348, 693 P.2d 687 (1985) (addressing whether discovery rule may apply in wrongful death action).

exception to the general rule and postpones the accrual of an action until the injured party knows, or has reason to discover, the cause of action.[13]

Even assuming, arguendo, that the discovery rule applies to his defamation and false light claims, the rule does not help Habib in this instance.[14] Habib acknowledges he knew about the posted document at Terminal 18 by May 2013, when he received his case file from his attorney in the employment discrimination case.[15] Habib filed a declaration on May 31, 2013 in the federal case that demonstrates his knowledge of the 2011 distribution and display of his TWIC card. Nevertheless, giving Habib the benefit of the discovery rule and a May 2013 date of discovery, the statute of limitations expired in May 2015, before Habib filed his complaint.

Next, Habib argues that a new cause of action accrued each time a different viewer was exposed to the image of his TWIC card. While he points to no evidence in the record about the timing and identity of people who may have been exposed to the copy of his TWIC card inside the terminal security post, he asserts

---

[13] See id.

[14] See Kittinger v. Boeing Co., 21 Wn. App. 484, 487-88, 585 P.2d 812 (1978) (applying the discovery rule to a libel claim involving confidential business memoranda).

[15] In his 2016 deposition, Habib testified that he learned about the posting in early 2012. However, the context of Habib's testimony suggests that the reference to a 2012 discovery date was a mistake. Habib has consistently maintained that he became aware of this when he read the file he received from his attorney in the federal case. The federal case was not filed until October 2012. Habib also stated in his declaration opposing summary judgment that he became aware of the posting in July 2013. Habib's May 2013 declaration in his wrongful termination case proves this assertion to be inaccurate.

that there is "at least a factual issue on the scope of the new audience that may have been exposed to the posting in the requisite time period."[16]

Habib cites no Washington authority that supports his position, and his argument is inconsistent with the "single publication rule" that Washington courts adopted in 1987.[17] Under this rule, one edition of a book or newspaper or any one broadcast is a single publication and may give rise to only a single cause of action.[18] Statements are generally considered to be "published" for purposes of the rule when they are first made available to the public.[19] Under the single publication rule, a new cause of action stems from a separate and distinct communication, but it is irrelevant whether the same person or a new person received the communication.[20]

Habib's argument suggests the defendants committed a continuing tort by displaying his TWIC card for a period of time. But again, this argument is at odds with the single publication rule and does not apply in defamation cases.[21] Numerous courts have likewise rejected similar arguments in the context of website postings, recognizing that despite distinctions between the Internet and

---

[16] Appellant's Br. at 29.

[17] Herron v. KING Broadcasting Co., 109 Wn.2d 514, 521, 746 P.2d 295 (1987).

[18] Momah v. Bharti, 144 Wn. App. 731, 752, 182 P.3d 455 (2008).

[19] Roberts v. McAfee, Inc., 660 F.3d 1156, 1167 (9th Cir.2011).

[20] See Momah, 144 Wn. App. at 753.

[21] See Flowers v. Carville, 310 F.3d 1118, 1126 (9th Cir. 2002) (defamation action accrues when tortious conduct occurs, such as when a book is published).

traditional media, publication on websites is also subject to the single publication rule.[22]

Finally, Habib contends "there is at least an issue of fact about whether and to what extent [the defendants] may have republished" the alleged defamatory statements in February 2015 when Matson and/or ACS modified a copy of his TWIC card by adding the handwritten words, "DO NOT ALLOW ENTRY" and language about his current appearance, stating, "Now wears glasses and a thin goatee."[23]

The statute of limitations resets with any republication.[24] However, republication does not occur so long as the content is not substantively altered or directed to a new audience.[25] Habib did not rely on the alleged 2015 additions to the posted document below. In his declaration opposing summary judgment, Habib merely stated that it was his "understanding" that following an incident where he attempted to access and photograph the inside of a security structure at the terminal in February 2015, ACS issued a statement and "produced a document" containing an image of his TWIC photograph with "handwriting on the

---

[22] See e.g. Firth v. New York, 98 N.Y.2d 365, 747 N.Y.S.2d 69, 775 N.E.2d 463 (2002) (single publication rule applies to the Internet); Oja v. United States Army Corps of Eng'rs, 440 F.3d 1122 (9th Cir. 2006) (rejecting argument that a defendant continuously republished information by posting the information on a website); Van Buskirk v. New York Times Co., 325 F.3d 87 (2nd Cir. 2003) (statute of limitations began to accrue on date letter was posted on the Internet).

[23] Appellant's Br. at 31, 40.

[24] Yeager v. Bowlin, 693 F.3d 1076, 1082 (9th Cir. 2012).

[25] Id. (addressing publication of statements on website).

bottom of the image."[26] And Habib does not now contend that the modifications were substantive or that they altered the alleged defamatory content.

There is no genuine issue of material fact precluding summary judgment as to whether Habib's defamation and false light claims are barred by the statute of limitations.

Affirmed.

WE CONCUR:

_____

Mann, A.C.J.

Trickey, J

---

[26] CP at 99.